FOURNET, Chief Justice.
The defendant, Joseph Gleason, is appealing from his conviction and sentence under a Bill of Information charging him jointly with Larry Wright[1] with the offense of armed robbery, contending that the trial judge committed reversible error in denying his motion for a mistrial based on remarks of the prosecuting attorney during his closing argument with reference to an alleged confession made by Larry Wright “involving the defendant Gleason” [2], although counsel’s objection to such remarks were sustained and the jury was promptly instructed by the trial judge to disregard “any statements of the Assistant District Attorney along that line.”
Counsel for appellant takes cognizance of the rule, generally prevailing in this state, as reflected by a long line of decisions of this court, that the verdict of the jury will not be set aside and new trial granted because of the improper remarks of the District Attorney made in his argument to the jury, particularly when the jury has been properly instructed by the trial judge to disregard such statements, unless this court, because of the highly prejudicial character of the remarks complained of, is convinced that the jury was influenced by such remarks and that they probably contributed to the verdict; but claim that the remarks here complained of are so highly prejudicial that they cannot be erased from the minds of the jury and a new trial should be granted.
We are unable to agree with the trial judge that the statement of the prosecuting attorney in this case was based on evidence brought out during the course of the trial while defendant was on cross-examination,[3] and therefore proper. A mere reference to the evidence relied on [see footnote 3, infra] will readily disclose that it does not support that claim. The defendant on cross-examination merely denied a state *158 ment attributed to him by the prosecutor. Clearly this is not evidence. Nevertheless the ruling of the trial judge denying defendant’s motion for a mistrial will not be disturbed for there is nothing in the record from which we can deduce that the jury did not heed his instructions to disregard the remarks complained of and that the jury may have allowed such remarks to influence it in reaching a verdict.
For the reasons assigned the judgment appealed from is affirmed.

. At the time of this trial Larry Wright was serving a 10-year sentence in Angola imposed under his plea of guilty to the charge.

. Bill of Exception No. 1 was taken to the remarks made by the Assistant District Attorney during the closing argument as follows :
“Gleason was then questioned on the scene. He at first denied any implication in the robbery, * * * instead, he told them that Larry Wright and a fellow by the name of Hypsy * * * had picked him up from Hunt’s Variety Bar, * * * several minutes before he was arrested. He was a lamb, he didn’t do anything about it.
“Acting on this information, they took him back to the Sixth District where various teams were dispatched. Officer Hyde and Sergeant Klein in one team, Officer Candebat and Officer Nicaud in the other team. * * * I believe it consisted of four of them. * * * Du-pre and Wright were brought in, and Wright made a confession involving Gleason”.

.“Q. You deny after you were arrested, you told the police that you had arrived there in the car with Wright and Hypsey, and that Wright was then arrested, and' consequently Wright “copped out” on you, and that’s when you made the statement that you made at that time; is that the statement? A. No, sir.
“Q. You deny all that? A. Yes, sir.
“Q. Where is Wright today? A. Where is he?
“Q. Yes. A. He is in Angola.”